## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, #B52858, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-01062-MJR |
| ) | |
| WEXFORD HEALTH CARE ) | |
| SOLUTIONS, INC., ) | |
| IDOC, ) | |
| WARDEN, ) | |
| ASSISTANT WARDENS 1 AND 2, ) | |
| MAJOR MALCOME, ) | |
| MAJOR CLELAND, ) | |
| MR. BALDWIN, ) | |
| SHERRY BENTON, ) | |
| ARB CHAIRPERSON, ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER, ) | |
| CHRISTINE BROWN, ) | |
| MRS. BUTLER, ) | |
| MR. SMITH, ) | |
| MS. HILL, ) | |
| MS. MASON, ) | |
| MS. STAYCIE, ) | |
| MS. RETOHTIC, ) | |
| MR. TAYLOR, and ) | |
| JANE AND JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Proceeding *pro se*, Plaintiff William Malone filed a Complaint pursuant to 42 U.S.C. § 1983 in this District on October 2, 2010. (Doc. 1). The Complaint was obviously incomplete. It consisted of pages numbered "9 of," "10 of," "10 of," "1 of 1," and "17 of 17" and made little sense. *Id*. The Court entered an Order dismissing the original Complaint on October 11, 2017. (Doc. 5).

1

Plaintiff was ordered to confirm his intent to pursue this action in writing no later than November 8, 2017. (Doc. 5). The Court also ordered him to submit a First Amended Complaint by the same deadline, if he wished to proceed with his claims. *Id*. Plaintiff was warned that failure to respond by the deadline would result in dismissal of the action and the assessment of the full filing fee. *Id*. (citing FED. R. CIV. P. 41(b)). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Despite these warnings, Plaintiff missed the deadline for filing the First Amended Complaint. A week has passed since the deadline expired. Plaintiff has not requested an extension or filed a First Amended Complaint. In fact, he has not communicated with the Court at all since filing his Complaint on October 2, 2017. The Court will not allow this matter to linger indefinitely.

This action shall be dismissed with prejudice based on Plaintiff's failure to comply with a court order (Doc. 5) and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal shall <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). However, because Plaintiff has "struck out"[1] and failed to demonstrate that he faces imminent danger of serious physical injury, his request to proceed *in forma pauperis* in this action shall be denied.

---

[1] Court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Plaintiff has already had at least ten other cases dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Malone v. Ardis*, No. 13-cv-1543 (C.D. Ill. Dec. 3, 2013); *Malone v. City of Peoria*, No. 13-cv-1559 (C.D. Ill. Feb. 20, 2014); *Malone v. Hill*, No. 16-cv-973 (S.D. Ill. Oct. 26, 2016); *Malone v. Fritts*, No. 16-cv-200 (S.D. Ill. Nov. 7, 2016); *Malone v. Unknown Party*, No. 16-cv-974 (S.D. Ill. Nov. 8, 2016); *Malone v. Duvall*, No. 16-cv-977 (S.D. Ill. Nov. 29, 2016); *Malone v. IDOC*, No. 16-cv-978 (S.D. Ill. Dec. 8, 2016); *Malone v. Shah*, No. 16-cv-972 (S.D. Ill. Dec. 30, 2016); *Malone v. Orange Crush*, No. 16-cv-975 (S.D. Ill. Dec. 30, 2016); and *Malone v. Groves*, No. 16-cv-979 (S.D. Ill. Jan. 10, 2017).

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order (Doc. 5) dated October 11, 2017. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal does not count as one of his three allotted "strikes" within the meaning of § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Because he previously "struck out" and has not demonstrated that he faces imminent danger of serious physical injury, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**. Plaintiff remains obligated to pay the full $400.00 filing fee for this action, regardless of this dismissal. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Recruitment of Counsel (Doc. 3) is **DENIED** as **MOOT**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 16, 2017**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Judge**
